UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE XX, JOHN DOE XXI, JOHN DOE XXII, SHANE JULIAN, and RILEY GILROY,<br><br>Plaintiffs,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, et al.,<br><br>Defendants. | Case No. 1:17-cv-00184-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Defendants' Motion to Sever (Dkt. 17). For the reasons explained below, the Court will grant the motion in part and deny it in part.

## BACKGROUND

Plaintiffs filed this action in May 2017. On September 26, 2017, the parties entered a stipulation to add three additional Plaintiffs. Each Plaintiff alleges that BSA and the Church Defendants made material misrepresentations about the safety of Scouting, upon which Plaintiffs relied in deciding to participate in Boy Scouts. *Am. Compl.* Dkt. 28. As a result of the alleged misrepresentations, Plaintiffs claim they suffered serious physical, mental, and emotional injuries due to abuse they suffered at the hands of their Scoutmasters. *Id*. Doe XX, Doe XXIII, and Doe XXIV allege that Lawrence Libey sexually abused them between 1970-1972, when they were members of Scout Troop 156. *Id.* These Plaintiffs bring claims for constructive and actual fraud against Defendant

BSA. Doe XXI and Doe XXII allege that Doug Bowen sexually abused them between 1974-75 when they were members of Troop 20, sponsored by the Boise Fifth Ward of the LDS Church. *Id.* Shane Julien and Riley Gilroy allege that James Schmidt sexually abused them between 1982-83 when they participated in a Troop sponsored by the Caldwell Fourth Ward of the LDS Church. *Id.* Doe XXV alleges that James Schmidt sexually abused him in 1980 when he participated in Troop 139, sponsored by the Nampa Third Ward of the LDS Church. *Id.* These Plaintiffs bring claims for constructive and actual fraud against all Defendants.

The Church Defendants filed a Motion to Sever on June 21, 2017, arguing that Plaintiffs have impermissibly joined their claims into one lawsuit.[1] (Dkt. 17). BSA joined that Motion. (Dkt. 19). Defendants argue that the individual Plaintiffs' claims do not arise out of the same transaction or occurrence, and thus are improperly joined. Defendants, however, do not ask that Plaintiffs' claims be severed entirely. Rather, Defendants ask that Plaintiffs' claims only be severed for purposes of trial. *Def.'s Reply* at 3, Dkt. 23. Thus, at issue is whether any of the eight individual Plaintiffs should be allowed to try their claims together, or whether each Plaintiff should be required to proceed separately.

The Court previously confronted this issue in a related case. *See* Mem. Decision and Order, *Doe I v. BSA*, Case No. 1:13-cv-00275-BLW, Dkt. 37 ("*Doe I* Order"). There, the Court ordered that twelve of the sixteen plaintiffs' claims be severed for the purposes

---

[1] Although Defendants filed this Motion before the three additional Plaintiffs were added, the Court will consider whether joinder is appropriate for all eight Plaintiffs. *See* Fed. R. Civ. P. 21.

of trial, but that all the claims remain joined during the pre-trial phase. (*Doe I*, Dkt. 37).
The Court allowed four of the plaintiffs' claims to remain joined for trial, where the four
plaintiffs were members of the same scout troop, and were abused by the same person on
the same occasion. Here, Defendants seek an order severing every Plaintiff's claims for
trial. *Def.'s Reply* at 3, Dkt. 23. Plaintiffs contest Defendants' claim they will face unfair
prejudice should every Plaintiff be allowed to try their cases together, but concede that
severance may be necessary to avoid inconsistent rulings between this case and *Doe I*.
*Pl.'s Resp.* at 19, Dkt. 22. However, should the Court order Plaintiffs' claims severed for
trial, they ask that Plaintiffs who were in the same Scout troop, and were abused by the
same leader during the same time period, be allowed to try their claims together. *Id*. at 21.

## LEGAL STANDARD

To join together in one action, plaintiffs must meet two specific requirements: (1) the right to relief asserted by each plaintiff must arise out of or relate to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all parties must arise in the action. Fed. R. Civ. P. 20(a). Generally, this joinder rule is to be construed liberally in order to promote trial convenience and to prevent multiple disputes. *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). As such, the decision to sever a claim under Rule 21 is in the Court's broad discretion. "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir.1997); *see also* Fed. R. Civ. P. 21 (allowing court to sever a claim

against any party). Further, even if parties and claims have been properly joined, a court may, in its discretion, sever claims to "comport with principles of fundamental fairness" or avoid prejudice to the parties or jury confusion. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) (finding that the district court did not abuse its discretion when it severed certain plaintiff's claims without finding improper joinder)).

## ANALYSIS

### 1.     The Same-Transaction Requirement

The Court first addresses whether Plaintiffs' claims meet the basic requirements for joinder. Defendants do not contest that Plaintiffs have met the second requirement, that there be a common question of law or fact arising in each claim. Instead, Defendants argue that Plaintiffs' claims do not arise out of the same transaction or occurrence, or series of transactions or occurrences. In analyzing the same-transaction prong, the Ninth Circuit instructs that courts should look to whether there is "similarity in the factual background" of the claims. *Coughlin*, 130 F. 3d at 1350. This Court has previously adopted a test articulated by the Eighth Circuit to determine whether claims arise from a similar factual background, by looking at whether the events entitling a person to institute legal action are "logically related." *See Doe I* Order at 7-8 (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Claims may arise from the same transaction or occurrence where they arise from a "systematic pattern" of such events. *Coughlin*, 130 F.3d at 1350.

In *Doe I*, the Court found that "the plaintiffs who joined the same scout troop and were later abused on the same night, in the same tent, by the same person, satisfy the same-transaction-or-occurrence requirement." *Doe I* Order at 8. The Court further found that the claims of the twelve additional plaintiffs were logically related and consisted of a common series of occurrences, even though they did not allege abuse by the same person on the same occasion. *Id.* The logical relationship stemmed from the allegations by each plaintiff that BSA and the Church defendants "knew sex abuse occurred in scouting and that both entities chose not to disclose this danger to scouts or their parents." *Id.* And the Court found further connections between plaintiffs' claims due to the similarity in their injuries, their relationships to defendants, and the misrepresentations they alleged defendants made. *Id.* (finding that all the plaintiffs "were abused by scout leaders . . . and all had joined scout troops and read the scouting handbook telling them, in essence, to trust scout leaders.").

Here, Defendants argue that the only connections between Plaintiffs' claims are that all Plaintiffs "were involved in Scouting during the time of their abuse and their abuse occurred in Idaho." *Def.'s Reply* at 6 (internal quotations omitted). This statement ignores the fact that many of the same connections the Court found in *Doe I* exist between the claims here. Plaintiffs here each allege that BSA and the Church Defendants knew sex abuse occurred in Scouting generally and that they knew that the perpetrators who abused the Plaintiffs had previously abused other boys; that Defendants chose not to disclose these facts to the scouts or their parents; that Defendants instead represented that scouting was safe and that scouts should trust their scout leaders; and that Plaintiffs were

abused by scout leaders, had joined scout troops, and had relied on Defendants' alleged misrepresentations in deciding to join. *See Am. Compl.* Dkt. 28. These connections are sufficient to show that Plaintiffs' claims are logically related and arise from a similar factual background. Thus, the Court finds that the same-transaction-or-occurrence prong is met, and Plaintiffs' claims are properly joined.[2]

### 2. Fundamental Fairness & Prejudice

Having determined that Plaintiffs' claims satisfy the same-transaction-or-occurrence prong and thus are properly joined under Rule 20, the Court will now determine whether joinder comports with "the principles of fundamental fairness or would result in prejudice to either side." *Coleman*, 232 F.3d at 1296. Defendants do not object to these cases remaining joined during pretrial proceedings, and the Court finds no significant prejudice to Defendants in so doing. As in *Doe I*, considerations of convenience, economy, and expedience weigh in favor of joinder during pretrial

---

[2] Defendants argue the Court should grant their motion to sever on the grounds that such motions are "routinely denied [sic] where plaintiffs' only alleged connection is that they relied on false statements or omissions made to the public at large." *Def.'s Reply* at 7, Dkt. 23. Notwithstanding the apparent typo, the cases cited by Defendant do not stand for any strict rule. Rather, they simply illustrate that Courts have broad discretion in determining whether claims are properly joined. *See, e.g.*, *Saval v. BL* 710 F.2d 1027, 1031 (4th Cir. 1983) (holding that the district court did not abuse its discretion in denying joinder where the only alleged commonality was plaintiffs' reliance on public advertisements, but declining to find that allowing joinder would have been an abuse of discretion); *see also Hinson v. Northwest Financial South Carolina, Inc.*, 239 F.3d. 611, 618 (4th Cir. 2001) (affirming a district court's decision permitting joinder on similar claims where plaintiffs alleged facts supporting a higher degree of relatedness). Here, the Court has found that the connections between Plaintiffs' claims extend beyond their reliance on Defendants' alleged misrepresentations, and are sufficient to demonstrate a logical relationship between the claims. For that reason, the Court does not address the question implied by Defendants' proposed rule, namely whether Defendants' alleged misrepresentations were analogous to advertisements made to the public at large.

proceedings, particularly discovery and pre-trial motions. Pretrial joinder also comports with the overarching policy of Rule 1, which requires that the Rules "be construed to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. As such, the Court holds that all Plaintiffs' claims shall remain joined during pretrial proceedings. *See generally Maverick Entm't v. Doe*, 810 F.Supp 2d 1 (D.D.C. 2011) ("The Court may exercise discretion regarding the proper time to sever parties, and this determination includes consideration of judicial economy and efficiency).

A separate question, however, is whether Defendants would face substantial prejudice if any of the eight Plaintiffs were allowed to try their cases together. In *Doe I*, the Court found that the Church defendants would be highly prejudiced if plaintiffs were allowed to try claims that did not involve the LDS Church in conjunction with claims against the Church. *Doe I* Order, at 11. The same is true here. The Court further found that "even where plaintiffs are suing the same defendants, allowing twelve plaintiffs to proceed in a single action based on different (albeit common) experiences, would likely confuse a jury and thereby prejudice the defendant." *Id.* Defendants argue these same considerations merit severance of all eight Plaintiffs' claims for trial. Finally, the Court in *Doe I* allowed claims by four plaintiffs to remain joined for trial, where they were members of the same troop, and were abused by the same person on the same occasion. *Id.*

At this stage, no Plaintiff here has pleaded facts supporting a claim that he suffered abuse on exactly the same occasion as any of the other Plaintiffs. However, there

is substantially more overlap between several of the Plaintiffs' claims here than existed between any of the twelve plaintiffs whose claims were severed in in *Doe I*. In *Doe I*, none of the twelve plaintiffs were members of the same troop. *See Doe I* Order at 3. Thus, even where plaintiffs were abused by the same perpetrator, the abuse occurred at different times. *Id.* Here, Doe XX, XXIII, and Doe XXIV were all abused by Libey while members of Troop 156 during a period from 1970-1972. Doe XXI and Doe XXII were abused by Bowen while members of Troop 20 during a period from 1974-75. Shane Julian and Riley Gilroy were abused by Schmidt while members of a troop sponsored by the Caldwell 4th Ward of the LDS Church during a period from 1982-83. Doe XXV is the only plaintiff who was not a member of the same troop as any other plaintiff. Though he also was abused by Schmidt, the abuse occurred in 1980, at least two years prior to Schmidt's abuse of Shane Julian and Riley Gilmore.

Like in *Doe I*, allowing all eight Plaintiffs to proceed to with a single trial would be prejudicial to the Defendants, particularly the Church Defendants against whom three Plaintiffs have not brought claims. The Court finds, however, that the benefits of allowing joinder for trial outweigh any potential prejudice to the Defendants for those claims by Plaintiffs who were members of the same troop and were abused by the same perpetrators during the same period. There will likely be substantial overlap in the evidence presented both to support and rebut the elements of these Plaintiffs' claims, and thus allowing them to proceed promotes judicial efficiency and the just, speedy, and inexpensive resolution of these actions. Further, by limiting joinder to those claims by Plaintiffs who were in the same troop and abused by the same perpetrator during the

same period of time, the potential for jury confusion and thus prejudice to the Defendants is also limited.

## ORDER

**IT IS ORDERED:**

1. All Plaintiffs' claims will remain joined for the purposes of pretrial proceedings, including discovery and pretrial motions.

2. Defendants' Motion to Sever is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The motion is denied to the extent it seeks to sever all eight Plaintiffs' claims for the purposes of trial.

    b. The motion is denied to the extent that claims by Doe XX, Doe XXIII, and Doe XIV shall remain joined for the purposes of trial, but is granted to the extent that their claims shall be tried separately from claims brought by the other Plaintiffs

    c. The motion is denied to the extent that claims by Doe XXI and Doe XXII shall remain joined for the purposes of trial, but is granted to the extent that their claims shall be tried separately from claims brought by the other Plaintiffs.

    d. The motion is denied to the extent that claims by Shane Julian and Riley Gilmore shall remain joined for the purposes of trial, but is granted to the extent that their claims shall be tried separately from claims brought by the other Plaintiffs.

  e. The motion is granted to the extent that Doe XXV's claims are severed from claims brought by the other Plaintiffs for the purposes of trial.

3. After discovery, and most likely after ruling on dispositive motions, the Court may reconsider, either on motion or pursuant to its inherent powers, the propriety of a single trial for some or all of these eight Plaintiffs.

**IT IS FURTHER ORDERED**

1. The Deputy Clerk shall set a scheduling conference by telephone for the purpose of setting deadlines in accordance with Local Rule 16.1.

2. A Litigation Plan must be filed three days prior to the scheduling conference.

DATED: November 20, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court