UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE XX, JOHN DOE XXI, JOHN DOE XXII, SHANE JULIAN and RILEY GILROY,<br><br>Plaintiffs,<br><br>v.<br><br>BOY SCOUTS OF AMERICA, et al.,<br><br>Defendants. | Case No. 1:17-cv-00184-BLW<br><br>**AMENDED CASE MANAGEMENT ORDER No. 1** |

The Case Management Order No.1 (Dkt.49) is amended to correct the dates in paragraphs 5(a)-(b). The correct year for the deadlines in paragraphs 5(a)-(b) is 2018, not 2019. Accordingly,

**NOW THEREFORE IT IS HEREBY ORDERED** that the following recitation of deadlines and procedures will govern this litigation:

1. Dispositive Motion Deadline: All dispositive motions must be filed by **September 20, 2019**.[1]

---

[1] It is this Court's policy to accept only one (1) motion to dismiss and one summary judgment motion per party. If it appears, due to the complexity or numerosity of issues presented, that counsel is unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an overlength brief, rather than filing separate motions for each issue. The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when multiple motions are filed.
(Continued)

**AMENDED CASE MANAGEMENT ORDER - 1**

2. <u>Amendment of Pleadings and Joinder of Parties</u>: Motions to amend pleadings and join parties, except for allegations of punitive damages, must be filed on or before **October 19, 2018**. This deadline will only be extended for good cause shown.[2]

3. <u>Alternative Dispute Resolution</u>: ADR must be held by **December 7, 2018**. The parties are directed to contact Keith Bryan, the ADR Coordinator, at (208) 334-9067, to schedule the conference.

4. <u>Discovery Plan</u>: All discovery must be in accordance with the Federal Rules of Civil Procedure, the Local Rules for the District of Idaho.

   a. Pursuant to Fed. R. Evid. 502(d), and Section 3(h) of the parties' stipulated discovery plan, it is hereby ORDERED that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding.

   b. The Parties have agreed to limited pre-mediation discovery:

      i. Discovery produced in the Doe I case is considered produced in this case under the same terms and conditions, and may be used to the same extent it is used in the Doe I case.

      ii. Defendant BSA will produce troop or pack rosters for any troop or pack in which the plaintiffs or named or the alleged perpetrators

---

[2] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

    served as volunteers so long as BSA knows or is made aware of relevant troop or pack numbers.

  iii.  BSA and Church Defendants will produce discoverable, non-privileged documents in their possession in which the plaintiffs are named.

  iv.  BSA and Church Defendants will produce discoverable, non-privileged documents in their possession in which the alleged perpetrators are named, to the extent such documents have not already been produced in the Doe I case, subject to the same limitations in the Doe I case.

  v.  Each plaintiff will produce medical and counseling records that post-date the date of his first alleged abuse.

  vi.  Defendants may depose each plaintiff prior to mediation. Each pre-mediation deposition will be limited to 2.5 hours, and this time will be shared by defendants. If the case does not settle at mediation, defendants will be allowed to again depose each non-settling plaintiff for the purpose of trial. The total deposition time for each plaintiff will not exceed 8 hours.

  vii.  The parties may conduct additional discovery in advance of the mediation either by agreement or by permission of the court.

  viii.  The parties will agree to maintain the confidentiality of the information and material exchanged during the course of pre-

mediation discovery ("Protected Information"). Protected Information shall be used by the persons who receive such information solely for litigation in the above-captioned lawsuit, including appeals, and for no other purpose whatsoever.

  c. Pre-mediation discovery shall be completed by **October 5, 2018.**

5. <u>Post-Mediation Deadlines</u>: If the parties do not settle all of the claims in this case at mediation, the following deadlines shall govern the case:

  a. The parties shall meet and confer and submit amended Litigation and Discovery Plans by **December 14, 2018**.

  b. The Court shall set a second Telephonic Scheduling Conference for **December 19, 2018**.

  c. All fact discovery must be completed by **July 31, 2019**. This is a deadline for the completion of all fact discovery; it is not a deadline for discovery requests. Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date.

6. <u>Scheduling of Trial and Pretrial Conference</u>. Plaintiff's counsel must contact courtroom deputy **Jamie Bracke** within one week following the entry of a decision on all pending dispositive motions to make arrangements for a telephonic trial setting conference with the Court to set pre-trial and trial deadlines. If no dispositive motion is filed, Plaintiff's counsel must immediately contact the courtroom deputy within one week of the dispositive motion filing deadline to set a telephonic trial setting conference.

**AMENDED CASE MANAGEMENT ORDER - 4**

7. <u>Law Clerk</u>: The law clerk assigned to this case is **Molly Danahy**, and may be reached at (208) 334-9363.

8. <u>Discovery Disputes</u>:

   a. The I will **<u>not</u>** refer this case to a magistrate judge for resolution of discovery disputes and non-dispositive motions. I will keep these motions on my own docket.

   b. The parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions.

   c. In addition, I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute. To facilitate that mediation, the attorneys will first contact Molly Danahy, the law clerk assigned to this case, and shall provide her with a brief written summary of the dispute and the parties' respective positions. Ms. Danahy may be able to offer suggestions that will resolve the dispute without the need of my involvement. If necessary, an off-the-record telephonic conference with me will then be scheduled as soon as possible. I will seek to resolve the dispute during that conference and may enter appropriate orders on the basis of the conference. I will only authorize the filing of a discovery motion and written briefing if we are unable to resolve the dispute during the conference.

d. Prior to filing any discovery motions, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

9. The Court will conduct **telephonic status conferences** with the parties. The Court will set those status conferences in a separate notice.

10. <u>Calendaring Clerk</u>: Scheduling matters and calendar issues may be directed to **Jamie Bracke**, who may be reached at (208) 334-9021. If reassigned, consult Judge's web page for staff directory.

11. <u>Docketing Clerk</u>: If you have a docketing question, please contact a docket clerk at (208) 334-1361.

DATED: April 9, 2018

_____
B. Lynn Winmill
Chief Judge
United States District Court