Steven B. Andersen (ISB 2618)
sba@aswblaw.com
Wade L. Woodard (ISB 6312)
wlw@aswblaw.com
Haley K. Krug (ISB 10442)
hhk@aswblaw.com
**ANDERSEN SCHWARTZMAN
WOODARD BRAILSFORD, PLLC**
101 South Capitol Boulevard, Suite 1600
Boise, ID 83702
Telephone: 208.342.4411
Facsimile:  208.342.4455

*Attorneys for Church Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE XX, JOHN DOE XXI, JOHN DOE XXII, SHANE JULIAN, and RILEY GILROY,<br><br>                    Plaintiffs,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation sole registered to do business in Idaho,<br><br>                    Defendants. | Case No.:  1:17-cv-00184-BLW<br><br>**CHURCH DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND** |

CHURCH DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND - 1

Defendants Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints and Corporation of the President of The Church of Jesus Christ of Latter-day Saints (referred to hereinafter collectively as "Church Defendants") answer the allegations of Plaintiffs' Second Amended Complaint (hereinafter "Complaint") and allege as follows:

1. Each and every allegation of the Complaint not specifically admitted herein is denied.

2. With respect to paragraph 1 of the Complaint, Church Defendants state that this paragraph does not contain any allegations, and as such, requires no answer.

3. Church Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations in paragraph 2-11 of the Complaint and therefore deny the same. Church Defendants deny any "wrongful conduct."

4. As to paragraphs 12 and 13 of the Complaint, Church Defendants admit that Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints ("CPB") and Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("COP") are foreign corporations sole that are registered to do business in the State of Idaho. Church Defendants affirmatively allege that COP is the corporation that funds the activities of the ecclesiastical organization known as The Church of Jesus Christ of Latter-day Saints, including local wards and stakes and sponsored Boy Scout troops. Church Defendants affirmatively allege that CPB has no connection to the allegations raised in this Complaint and is not a proper party to this proceeding. Church Defendants deny the remaining allegations of paragraphs 12 and 13 of the Complaint.

5. Church Defendants deny the allegations of paragraph 14 of the Complaint as they pertain to Church Defendants. The allegations of paragraph 14, in concert with others, raise

substantial disputed questions of Church doctrine, policy, practice and belief, which arise on the face of Plaintiffs' Complaint and not by way of defense. Moreover, the allegations of this paragraph and others, together with the claims pled and theories advanced, characterize Church doctrine and policy to establish a foundational basis for liability and otherwise violate state and federal constitutional proscriptions.

6. Church Defendants deny the allegations of paragraph 15 of the Complaint as they pertain to Church Defendants. The allegations of paragraph 15 raise substantial disputed questions of Church doctrine, policy, practice and belief, which arise on the face of Plaintiff's Complaint and not by way of defense. Moreover, the allegations of this paragraph and others, together with the claims pled and theories advanced, characterize Church doctrine and policy to establish a foundational basis for liability and otherwise violate state and federal constitutional proscriptions. As for all other allegations of this paragraph, Church Defendants are without knowledge and information sufficient to form a belief as to their truthfulness and therefore deny the same.

7. Church Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations in paragraphs 16-34 of the Complaint and therefore deny the same.

8. Church Defendants deny that Schmidt was a Scout leader for the Caldwell Fourth Ward, as Plaintiffs allege in paragraph 35-36 of the Complaint. As for all other allegations in these paragraphs, Church Defendants are without knowledge and information sufficient to form a belief as to their truthfulness and therefore deny the same.

9. Church Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations in paragraphs 37-39 of the Complaint and therefore deny the same.

10. Church Defendants deny that Schmidt was a Scout leader for the Caldwell Fourth Ward, as Plaintiffs allege in paragraphs 40-41 of the Complaint. As for all other allegations in these paragraphs, Church Defendants are without knowledge and the information sufficient to form a belief as to their truthfulness and therefore deny the same.

11. Church Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations in paragraphs 42-60 of the Complaint and therefore deny the same.

12. Church Defendants deny having the notice Plaintiffs allege in paragraph 61 of the Complaint. Church Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of all other allegations in paragraph 61 of the Complaint and therefore deny the same.

13. Church Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations in paragraph 62 of the Complaint and therefore deny the same.

14. Church Defendants deny having the notice Plaintiffs allege in paragraph 63 of the Complaint.

15. Church Defendants deny having the notice Plaintiffs allege in paragraph 64 of the Complaint. Church Defendants acknowledge that Bishop Gordon Sanderson reported to Stake President George Keller sometime between 1979 and 1981 that Schmidt had been accused of "pantsing" boys at camp. President Keller subsequently banned Schmidt from further

participation in Scouts in the stake.  He notified local leaders of this directive, as well as leaders in Caldwell.  President Keller and/or his counselor also called BSA to notify them of reported inappropriate conduct by Schmidt.  Church Defendants deny Plaintiffs' allegations in paragraph 64 that Schmidt was a registered Scoutmaster with the Caldwell Fifth Ward in 1982 or any other time.  Church Defendants further deny that Schmidt was a Scout leader for the Caldwell Fourth Ward.  As for all other allegations contained in paragraph 64, Church Defendants are without knowledge and information sufficient to form a belief as to their truthfulness and therefore deny the same.

16. Church Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations in paragraph 65 of the Complaint and therefore deny the same.

17. Church Defendants deny the allegations of paragraphs 66-68 of the Complaint.

18. Church Defendants deny the allegations of paragraph 69 of the Complaint as they pertain to Church Defendants.  The allegations of paragraph 69, in concert with others, raise substantial disputed questions of Church doctrine, policy, practice and belief, which arise on the face of Plaintiffs' Complaint and not by way of defense.  Moreover, the allegations of this paragraph and others, together with the claims pled and theories advanced, characterize Church doctrine and policy to establish a foundational basis for liability and otherwise violate state and federal constitutional proscriptions.  As for all other allegations of this paragraph, Church Defendants are without knowledge and information sufficient to form a belief as to their truthfulness and therefore deny the same.

19. Church Defendants deny the allegations of paragraphs 70-71 of the Complaint as they pertain to Church Defendants.  Church Defendants are without knowledge and information

sufficient to form a belief as to the truthfulness of the remaining allegations in paragraphs 70-71 and therefore deny the same.

20. Church Defendants deny the allegations of paragraph 72-73 of the Complaint as they pertain to Church Defendants. The allegations of paragraphs 72-73, in concert with others, raise substantial disputed questions of Church doctrine, policy, practice and belief, which arise on the face of Plaintiffs' Complaint and not by way of defense. Moreover, the allegations of this paragraph and others, together with the claims pled and theories advanced, characterize Church doctrine and policy to establish a foundational basis for liability and otherwise violate state and federal constitutional proscriptions. Church Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations in paragraphs 72-73 and therefore deny the same.

21. Church Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations in paragraph 74 of the Complaint as they pertain to Church Defendants and therefore deny the same.

22. Church Defendants deny the allegations of paragraph 75-79 of the Complaint as they pertain to Church Defendants. The allegations of paragraphs 75-79, in concert with others, raise substantial disputed questions of Church doctrine, policy, practice and belief, which arise on the face of Plaintiffs' Complaint and not by way of defense. Moreover, the allegations of this paragraph and others, together with the claims pled and theories advanced, characterize Church doctrine and policy to establish a foundational basis for liability and otherwise violate state and federal constitutional proscriptions. Church Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations in paragraphs 75-79 and therefore deny the same.

23. Church Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations in paragraphs 80-83 of the Complaint as they pertain to Church Defendants and therefore deny the same. Church Defendants deny that they engaged in any oppressive, fraudulent, malicious, or outrageous conduct.

24. Church Defendants deny the allegations of paragraphs 84-89 of the Complaint as they pertain to Church Defendants.

25. Church Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations in paragraphs 90-95 of the Complaint as they pertain to Church Defendants and therefore deny the same.

26. Church Defendants deny the allegations of paragraphs 96-98 of the Complaint as they pertain to Church Defendants.

27. Church Defendants are without knowledge and information sufficient to form a belief as to the truthfulness of the allegations in paragraphs 99-101 of the Complaint as they pertain to Church Defendants and therefore deny the same.

### First Affirmative Defense

All perpetrators' alleged conduct occurred outside the course and scope of their duties, if any, and so Church Defendants cannot be held vicariously liable for their conduct.

### Second Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Third Affirmative Defense

Plaintiffs' claims were not commenced within the time limited by statute and are therefore barred.

### Fourth Affirmative Defense

The injury or damages sustained by the Plaintiffs, if any, were caused solely by the negligence or culpable conduct of entities other than the answering Church Defendants.

### Fifth Affirmative Defense

Plaintiffs have failed to mitigate their damages.

### Sixth Affirmative Defense

Plaintiffs' claims are barred insofar as evidence necessary to establish essential elements of the claim was or is protected by the clergy-penitent privilege.

### Seventh Affirmative Defense

To the extent Plaintiffs' claims for non-economic damages against the Church Defendants exceed the sum of $250,000, they are subject to the non-economic damages limit provided in I.C. 6-1603, as the Church Defendants are charitable organizations.

### Eighth Affirmative Defense

Plaintiffs' claims against Church Defendants are based on actions which took place between 1971 and 1983.  Accordingly, Plaintiffs' claims arose a minimum of 34 years prior to the filing of Plaintiffs' Complaint.  Because of the passage of time, Plaintiffs' claims violate the due process protections of the 14th Amendment of the United States Constitution and Article 1, Section 13 of the Idaho Constitution.

### Ninth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches.

### Tenth Affirmative Defense

Plaintiffs' claims are barred by the First Amendment to the U.S. Constitution, as well as Article 1, Section 13 of the Idaho Constitution.

### Eleventh Affirmative Defense

Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints is not a proper party to this case.

### Twelfth Affirmative Defense

Plaintiffs' fraud and constructive fraud claims lack the specificity required by Fed R. Civ. P. 9(b).

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred in whole or part by the doctrines of res judicata, claim preclusion, and/or issue preclusion.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred by their failure to join an indispensable party.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred because of improper joinder.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred by the failure to plead a cognizable fiduciary duty.

### Seventeenth Affirmative Defense

Plaintiffs' damages are solely limited to pecuniary damages.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred by the failure to plead a cognizable commercial transaction.

### Nineteenth Affirmative Defense

Plaintiffs' claims are barred because the statements Church Defendants allegedly made were made in the form of an opinion or statement of future performance and not as a statement of fact, and thus Plaintiffs had no right to rely on the statements.

CHURCH DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND - 9

### Twentieth Affirmative Defense

Plaintiffs' damages are speculative.

### Twenty-first Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the doctrine of charitable immunity.

### Twenty-second Affirmative Defense

Church Defendants reserve the right to assert all other affirmative defenses available under Rule 8 of the Federal Rules of Civil Procedure and under the applicable common law, provided evidence relating to any of these affirmative defenses arises during this action.

### JURY DEMAND

Pursuant to Rule 38, Federal Rule of Civil Procedure, and the Seventh Amendment of the United States and State Constitutions, the Church Defendants hereby demand trial by jury.

WHEREFORE, having fully answered Plaintiffs' Complaint, the Church Defendants pray for judgment in their favor, together with their legally recoverable costs and disbursements incurred herein.

DATED this 29th day of October, 2018.

**ANDERSEN SCHWARTZMAN WOODARD BRAILSFORD, PLLC**

 /s/ *Wade L. Woodard*
Wade L. Woodard
*Attorneys for Church Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2018, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Andrew M. Chasan | andrew.chasan@chasanwalton.com |
| Timothy C. Walton | timwalton2000@hotmail.com |
| Gilion C. Dumas | gilion@dumaslawgroup.com |
| Ashley L. Vaughn | ashley@dumaslawgroup.com |
| Stephen R. Thomas | sthomas@hawleytroxell.com |
| Mindy M. Muller | mmuller@hawleytroxell.com |
| Tyler J. Anderson | tanderson@hawleytroxell.com |

/s/ *Wade L. Woodard*
Wade L. Woodard