Stephen R. Thomas, ISB No. 2326
Tyler J. Anderson, ISB No. 6632
Mindy M. Muller, ISB No. 7983
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main St., Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone (208) 344-6000
Facsimile (208) 954-5274
sthomas@hawleytroxell.com
tanderson@hawleytroxell.com
mmuller@hawleytroxell.com

Attorneys for Defendant Boy Scouts of America

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE XX, JOHN DOE XXI, JOHN DOE XXII, SHANE JULIAN, and RILEY GILROY,<br><br>        Plaintiffs,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA, a congressionally chartered corporation authorized to do business in Idaho; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in Idaho; and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation registered to do business in Idaho,<br><br>        Defendants. | Case No. 1:17-cv-00184-BLW<br><br>BOY SCOUTS OF AMERICA'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT<br>(*Fraud and Constructive Fraud*) |

BOY SCOUTS OF AMERICA'S ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 1

Defendant Boy Scouts of America, a congressionally charted corporation ("BSA"), by and through its counsel of record, and without admitting liability or damages to Plaintiffs and without assuming the burden of proof as to any issue in this litigation, answers the allegations of Plaintiffs' Second Amended Complaint as follows:

## IDENTITY OF THE PARTIES

1.     With respect to paragraph 1, BSA lacks sufficient knowledge or information to admit or deny whether Plaintiffs have suffered emotional harm.  The remainder of the statements contained in paragraph 1 does not require an admission or denial.  To the extent a response is necessary, BSA denies paragraph 1.

2.     With respect to paragraphs 2 – 10, BSA denies that its conduct was wrongful. BSA denies that its conduct directly and/or proximately resulted in Plaintiffs abuse or other physical and emotional harm.  BSA lacks sufficient knowledge or information regarding the remaining allegations in paragraphs 2 – 10 and therefore denies the allegations.

3.     With respect to paragraph 11, BSA admits that it is a congressionally chartered organization, that it is headquartered in Texas, and that it operates in Idaho.  BSA denies the remaining allegations in paragraph 11.

4.     BSA lacks sufficient knowledge or information regarding the allegations in paragraphs 12 – 14 and therefore denies the allegations.

5.     BSA denies paragraph 15.

## AMOUNT IN CONTROVERSY

6.     BSA denies paragraph 16.

## ALLEGATIONS SPECIFIC TO JOHN DOE XX

7.     With respect to paragraph 17, BSA incorporates its responses to paragraphs 1 – 16 as if fully set forth herein.

8.     With respect to paragraph 18, BSA lacks sufficient knowledge or information to admit or deny whether John Doe XX was born in 1959, and therefore denies the allegation.

9.     With respect to paragraph 19, BSA admits that at some point in or around 1971 and 1972 John Doe XX was involved in Troop 156.  BSA denies the remaining allegations in paragraph 19 for lack of sufficient knowledge and information and because it believes the allegations are false.

10.     BSA lacks sufficient knowledge or information regarding the allegations in paragraphs 20 and therefore denies the allegations.

11.     With respect to paragraph 21, BSA admits that Lawrence Libey was an adult volunteer for Troop 156 in or around 1971-72.  BSA lacks sufficient knowledge or information regarding the remaining allegations in paragraph 21 and therefore denies the allegations.

## ALLEGATIONS SPECIFIC TO JOHN DOE XXI

12.     With respect to paragraph 22, BSA incorporates its responses to paragraphs 1 – 21 as if fully set forth herein.

13.     With respect to paragraph 23, BSA lacks sufficient knowledge or information to admit or deny whether John Doe XXI was born in 1963, and therefore denies the allegation.

14.     BSA denies the allegations in paragraph 24 for lack of sufficient knowledge and information and because it believes the allegations are false.

15.     With respect to paragraph 25, BSA admits that in or around 1975, Doug Bowen was an adult volunteer for Troop 20.  BSA lacks sufficient knowledge or information regarding the remaining allegations in paragraph 25 and therefore denies the allegations.

16.     BSA lacks sufficient knowledge or information regarding the allegations in paragraph 26 and therefore denies the allegations.

## ALLEGATIONS SPECIFIC TO JOHN DOE XXII

17.     With respect to paragraph 27, BSA incorporates its responses to paragraphs 1 – 26 as if fully set forth herein.

18.     With respect to paragraph 28, BSA lacks sufficient knowledge or information to admit or deny whether John Doe XXII was born in 1963, and therefore denies the allegation.

19.     With respect to paragraph 29, BSA admits that at some point in or around 1975 John Doe XXII was involved in Troop 20.  BSA denies the remaining allegations in paragraph 29 for lack of sufficient knowledge and information and because it believes the allegations are false.

20.     With respect to paragraph 30, BSA admits that in or around 1975, Doug Bowen was an adult volunteer for Troop 20.  BSA lacks sufficient knowledge or information regarding the remaining allegations in paragraph 30 and therefore denies the allegations.

21.     BSA lacks sufficient knowledge or information regarding the allegations in paragraph 31 and therefore denies the allegations.

## ALLEGATIONS SPECIFIC TO PLAINTIFF SHANE JULIAN

22.     With respect to paragraph 32, BSA incorporates its responses to paragraphs 1 – 31 as if fully set forth herein.

23.     With respect to paragraph 33, BSA lacks sufficient knowledge or information to admit or deny whether Plaintiff Shane Julian was born in 1973, and therefore denies the allegation.

24.     BSA denies the allegations in paragraph 34 for lack of sufficient knowledge and information and because it believes the allegations are false.

25.     With respect to paragraph 35, BSA admits that James Schmidt was an adult volunteer for Troop 228 in or around 1982.  BSA lacks sufficient knowledge or information regarding the remaining allegations in paragraph 35 and therefore denies the allegations.

26.     BSA lacks sufficient knowledge or information regarding the allegations in paragraph 36 and therefore denies the allegations.

## ALLEGATIONS SPECIFIC TO PLAINTIFF RILEY GILROY

27.     With respect to paragraph 37, BSA incorporates its responses to paragraphs 1 – 36 as if fully set forth herein.

28.     With respect to paragraph 38, BSA lacks sufficient knowledge or information to admit or deny whether Plaintiff Riley Gilroy was born in 1972, and therefore denies the allegation.

29.     BSA denies the allegations in paragraph 39 for lack of sufficient knowledge and information and because it believes the allegations are false.

30.     With respect to paragraph 40, BSA admits that James Schmidt was an adult volunteer for Troop 228 in or around 1982.  BSA lacks sufficient knowledge or information regarding the remaining allegations in paragraph 40 and therefore denies the allegations.

31.     BSA lacks sufficient knowledge or information regarding the allegations in paragraph 41 and therefore denies the allegations.

**ALLEGATIONS SPECIFIC TO JOHN DOE XXIII**

32.     With respect to paragraph 42, BSA incorporates its responses to paragraphs 1 – 41 as if fully set forth herein.

33.     With respect to paragraph 43, BSA lacks sufficient knowledge or information to admit or deny whether John Doe XXIII was born in 1956, and therefore denies the allegation.

34.     With respect to paragraph 44, BSA admits that at some point in or around 1970, 1971, and 1972, John Doe XXIII was involved in Troop 156.   BSA denies the remaining allegations in paragraph 44 for lack of sufficient knowledge and information and because it believes the allegations are false.

35.     With respect to paragraph 45, BSA admits that Lawrence Libey was an adult volunteer for Troop 156 in or around 1970-72.   BSA lacks sufficient knowledge or information regarding the remaining allegations in paragraph 45 and therefore denies the allegations.

**ALLEGATIONS SPECIFIC TO JOHN DOE XXIV**

36.     With respect to paragraph 46, BSA incorporates its responses to paragraphs 1 – 45 as if fully set forth herein.

37.     With respect to paragraph 47, BSA lacks sufficient knowledge or information to admit or deny whether John Doe XXIV was born in 1960, and therefore denies the allegation.

38.     With respect to paragraph 48, BSA admits that at some point in or around 1972, John Doe XXIV was involved in Troop 156.   BSA denies the remaining allegations in paragraph 48 for lack of sufficient knowledge and information and because it believes the allegations are false.

39.     With respect to paragraph 49, BSA admits that Lawrence Libey was an adult volunteer for Troop 156 in or around 1971-72.  BSA lacks sufficient knowledge or information regarding the remaining allegations in paragraph 49 and therefore denies the allegations.

### ALLEGATIONS SPECIFIC TO JOHN DOE XXV

40.     With respect to paragraph 50, BSA incorporates its responses to paragraphs 1 – 49 as if fully set forth herein.

41.     With respect to paragraph 51, BSA lacks sufficient knowledge or information to admit or deny whether John Doe XXV was born in 1967, and therefore denies the allegation.

42.     With respect to paragraph 52, BSA admits that at some point in or around 1980 and 1981, John Doe XXV was involved in Troop 139.  BSA denies the remaining allegations in paragraph 52 for lack of sufficient knowledge and information and because it believes the allegations are false.

43.     With respect to paragraph 53, BSA admits that James Schmidt was an adult volunteer for Troop 139 in or around 1980.  BSA lacks sufficient knowledge or information regarding the remaining allegations in paragraph 53 and therefore denies the allegations.

### ALLEGATIONS SPECIFIC TO JOHN DOE XXVI

44.     With respect to paragraph 54, BSA incorporates its responses to paragraphs 1 – 53 as if fully set forth herein.

45.     With respect to paragraph 55, BSA lacks sufficient knowledge or information to admit or deny whether John Doe XXVI was born in 1969, and therefore denies the allegation.

46.     With respect to paragraph 56, BSA admits that at some point in or around 1981, John Doe XXVI was involved in Troop 228.  BSA denies the remaining allegations in paragraph

56 for lack of sufficient knowledge and information and because it believes the allegations are false.

47.     With respect to paragraph 57, BSA admits that James Schmidt was an adult volunteer for Troop 228 in or around 1981.  BSA lacks sufficient knowledge or information regarding the remaining allegations in paragraph 57 and therefore denies the allegations.

## DEFENDANTS' KNOWLEDGE OF SEXUAL ABUSE IN SCOUTING

48.     With respect to paragraph 58, BSA incorporates its responses to paragraphs 1 – 57 as if fully set forth herein.

49.     With respect to paragraph 59, BSA admits that in approximately 1911, it established a system for volunteer screening that included identity comparison against individuals deemed ineligible to participate as registered volunteers.  Over the course of its history, this volunteer screening has been referred to publicly by different names, including at times "Red Flag" and "Ineligible Volunteer" files.  BSA further admits that volunteers may have been deemed ineligible for a variety of reasons, including gambling, drinking, financial improprieties, as well as for potential "Perversion."  BSA denies the remaining allegations in paragraph 59.

50.     BSA denies the allegations in paragraph 60.

51.     BSA lacks sufficient knowledge or information regarding the allegations in paragraph 61 and therefore denies the allegations.

52.     With respect to paragraph 62, BSA admits Lawrence Libey was registered as an adult volunteer for Troop 156 in Lewiston, ID in or around 1968 and 1969.  Whether for lack of knowledge or information on which to form a belief, and/or because BSA believes Plaintiffs' allegations are false, BSA denies the remaining allegations in paragraph 62.

BOY SCOUTS OF AMERICA'S ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 8

53.     To the extent paragraph 63 contains allegations against BSA, BSA denies these allegations.  BSA is without knowledge or information to admit or deny any allegations against any other defendant in this paragraph.

54.     BSA admits that James Schmidt was arrested in 1983 and deemed ineligible to further register as a volunteer.  The documents referred to in paragraph 64, to the extent authenticated and relevant, speak for themselves.  To the extent the remaining allegations in paragraph 64 pertain to BSA, BSA denies these allegations.  BSA is without knowledge or information to admit or deny any allegations against any other defendant in this paragraph.

55.     BSA denies the allegations in paragraph 65.

56.     BSA lacks sufficient knowledge or information regarding the allegations in paragraph 66 and therefore denies the allegations.

57.     To the extent paragraph 67 contains allegations against BSA, BSA denies these allegations.  BSA is without knowledge or information to admit or deny any allegations against any other defendant in this paragraph 67.

## DEFENDANTS' FRAUD

58.     With respect to paragraph 68, BSA incorporates its responses to paragraphs 1 – 67 as if fully set forth herein.

59.     Whether for lack of knowledge or information on which to form a belief, and/or because BSA believes Plaintiffs' contentions to be false, BSA denies all of the allegations, claims, and theories within paragraphs 69 – 83 as it pertains to it.  BSA is without knowledge or information to admit or deny any allegations against any other defendant in paragraphs 69 – 83. The documents, as well as Scout Oath and Law, referred to in the paragraphs, to the extent authenticated and relevant, speak for themselves.

## FIRST CLAIM FOR RELIEF
### *Fraud*

### COUNT I
### Plaintiffs John Does XXI, XXII, and XXV, Shane Julian, and
### Riley Gilroy against all Defendants

60.    With respect to paragraph 84, BSA incorporates its responses to paragraphs 1 – 83 as if fully set forth herein.

61.    Paragraphs 85 – 89 contain legal conclusions, to which BSA is not required to respond.  To the extent a response is required, BSA denies these paragraphs.

### COUNT II
### Plaintiffs John Does XX, XXIII, XXIV, and XXVI against Defendant BSA

62.    With respect to paragraph 90, BSA incorporates its responses to paragraphs 1 – 89 as if fully set forth herein.

63.    Paragraphs 91 – 95 contain legal conclusions, to which BSA is not required to respond.  To the extent a response is required, BSA denies these paragraphs.

### SECOND CLAIM FOR RELIEF
### *Constructive Fraud*

### COUNT I
### Plaintiffs John Does XXI, XXII, and XXV, Shane Julian, and
### Riley Gilroy against all Defendants

64.    With respect to paragraph 96, BSA incorporates its responses to paragraphs 1 – 95 as if fully set forth herein.

65.    Paragraphs 97 – 98 contain legal conclusions, to which BSA is not required to respond.  To the extent a response is required, BSA denies these paragraphs.

## COUNT II
### Plaintiffs John Does XX, XXIII, XXIV, and XXVI against Defendant BSA

66.     With respect to paragraph 99, BSA incorporates its responses to paragraphs 1 – 98 as if fully set forth herein.

67.     Paragraphs 100 – 101 contain legal conclusions, to which BSA is not required to respond.  To the extent a response is required, BSA denies these paragraphs.

68.     BSA denies the unnumbered prayer for relief and denies that Plaintiffs are entitled to the relief sought therein.

### GENERAL DENIAL

69.     BSA denies each and every allegation, paragraph, claim, and theory of the Complaint which is not expressly and specifically admitted herein.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

70.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

71.     Plaintiffs' Complaint was not commenced within the time limit provided by the statutes of limitation or repose, including Idaho Code Section 5-218 and Section 5-219, and is therefore barred.  The substance of these two claims is, in fact, negligence of Defendants allegedly causing bodily injury in the form of child sexual abuse.  These claims are time-barred under Idaho Code Section 5-219 and case law construing that statute.  But, in the alternative, even if those claims truly sounded in fraud or constructive fraud, the claims are still time-barred under Idaho Code Section 5-218 and case law construing that statute.

### THIRD DEFENSE

72.     Bowen, Libey and Schmidt were not agents, servants, and/or employees of BSA. But even if they were, their actions as alleged in the Amended Complaint were outside the course and scope of any purported duties, such that BSA cannot be held liable for alleged damages arising from their conduct.

### FOURTH DEFENSE

73.     The injury or damages sustained by Plaintiffs, if any, were caused by the negligence or culpable conduct of persons or entities other than BSA.

### FIFTH DEFENSE

74.     Plaintiffs' claims are barred insofar as evidence necessary to establish essential elements of the claim was or is protected by the clergy-penitent, spousal, or other privilege.

### SIXTH DEFENSE

75.     Plaintiffs' claims for non-economic damages against BSA are subject to the non-economic damages limit set forth in Idaho Code Section 6-1603.

### SEVENTH DEFENSE

76.     Plaintiffs' claims are based on actions that allegedly took place from the 1970s and early 1980s.  Accordingly, Plaintiffs' claims arose approximately 35 – 45 years prior to the filing of the Complaint.  Because of the passage of time and its negative impact on the availability and reliability of evidence, tardy prosecution violates BSA's right to due process under the 14th Amendment of the United States Constitution and Article I Section 13 of the Idaho Constitution, either facially or as applied, or both.

## EIGHTH DEFENSE

77.     Plaintiffs' claims are barred by the doctrines of res judicata, waiver, laches, estoppel, and accord and satisfaction.

## NINTH DEFENSE

78.     Plaintiffs' fraud claims lack the specificity required by Federal Rule of Civil Procedure 9(b).

## TENTH DEFENSE

79.     Recovery against BSA is barred because no act or omission of BSA caused or contributed to Plaintiffs' alleged damages.

## ELEVENTH DEFENSE

80.     Plaintiffs' damages, if any, were caused by acts both superseding and intervening, and/or omissions of parties and entities other than BSA over whom it had no control and no right of control.

## TWELFTH DEFENSE

81.     BSA asserts that a commercial transaction is required for recovery in fraud, and denies entering into a commercial transaction with Plaintiffs.

## THIRTEENTH DEFENSE

82.     BSA asserts that any alleged noneconomic damages are not recoverable in fraud.

## FOURTEENTH DEFENSE

83.     BSA, by virtue of pleading a "defense" above, does not admit that said defenses are "affirmative" defenses within the meaning of applicable law, such that BSA does not thereby assume a burden of proof or a production not otherwise imposed upon it as a matter of law. In

addition, in asserting any of the above defenses, BSA does not admit any fault, responsibility, liability, or damage but, to the contrary, expressly denies the same.

**FIFTEENTH DEFENSE**

84.    BSA reserves the right to assert all other affirmative defenses available under Rule 8 of the Federal Rules of Civil Procedure and under the applicable common law, provided evidence relating to any of these affirmative defenses arises during this action.

**SIXTEENTH DEFENSE**

85.    BSA has or may have other affirmative defenses which are not known at this time, but which may be ascertained in the future; BSA reserves the right to assert each and every such other affirmative defense that may be so ascertained.

**JURY DEMAND**

Pursuant to Rule 38, Federal Rule of Civil Procedure, and the Seventh Amendment of the United States and State Constitutions, BSA hereby demands trial by jury.

**WHEREFORE**, having fully answered the Complaint, BSA prays for judgment in its favor:

1.    Dismissing the Complaint against BSA, with prejudice, without granting any of the relief requested against BSA;

2.    Awarding BSA its reasonable costs and attorney fees incurred in defending this action; and

3.    For such other relief as the Court deems to be just and equitable under the circumstances.

BOY SCOUTS OF AMERICA'S ANSWER TO PLAINTIFFS'
SECOND AMENDED COMPLAINT - 14

DATED THIS 5th day of November, 2018.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____

Stephen R. Thomas, ISB No. 2326
Attorneys for Defendant Boy Scouts of America

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 5th day of November, 2018, I electronically filed the foregoing BOY SCOUTS OF AMERICA'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Andrew M. Chasan
Timothy C. Walton
andrew.chasan@chasanwalton.com
timwalton2000@hotmail.com
Jody@chasanwalton.com
*Attorneys for Plaintiffs*

Gilion C. Dumas
Ashley L. Vaughn
gilion@dumaslawgroup.com
ashley@dumaslawgroup.com
*Attorneys for Plaintiffs*

Steven B. Andersen
Wade L. Woodard
Haley K. Krug
sba@aswblaw.com
wlw@aswblaw.com
hkk@aswblaw.com
mar@aswblaw.com
ajg@aswblaw.com
kcg@aswblaw.com
*Attorneys for Defendant Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints and Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints and Successors*

_____
Stephen R. Thomas